UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| COREY CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00159-JPH-DLP |
| | ) | |
| RICHARD BROWN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DISMISSING INSUFFICIENT CLAIMS**

Plaintiff Corey Crouch is an inmate at Wabash Valley Correctional Facility (WVCF). Because Mr. Crouch is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II. The Complaint**

The complaint concerns Mr. Crouch's solitary confinement at WVCF from February 2016 through December 2019. He brings claims for damages against ten current and former Indiana

1

Department of Correction (IDOC) employees who worked either at WVCF or at the IDOC Central Office during that time. The complaint also asserts claims against fifteen "John Doe" defendants employed as case workers, case managers, or unit managers at WVCF.

The complaint alleges that Mr. Crouch was held in solitary confinement at WVCF from February 2016 through December 2019 without meaningful review of his placement. Mr. Crouch's requests for full reviews of his placement were denied. When periodic reviews occurred, they did not involve any consideration of Mr. Crouch's behavior, the amount of time he had been in solitary confinement, or any other information relevant to the need for continued solitary confinement. Rather, the defendants predetermined that Mr. Crouch would remain in solitary confinement and simply completed paperwork—often using computer generated forms—to keep him there.

Mr. Crouch further alleges that each of the defendants was directly responsible for his prolonged solitary confinement because he or she either denied Mr. Crouch meaningful reviews, completed pro forma reviews without undertaking the necessary considerations, trained subordinates to perform pro forma reviews, or failed to properly train or supervise subordinates or otherwise ensure that meaningful reviews took place.

Mr. Crouch alleges that the conditions in solitary confinement were oppressive and inhumane. For example, he was confined to his cell 23 hours per day and had only solitary recreation. His cell was unclean and often covered in other inmates' feces and urine. During the winter, he was forced to take cold showers and then remain locked in the cold shower area for prolonged periods. He suffers ongoing physical, mental, and emotional injuries as a result of his prolonged solitary confinement.

### III. Discussion of Claims

Mr. Crouch asserts Fourth, Eighth, and Fourteenth Amendment claims against each of the defendants pursuant to 42 U.S.C. § 1983. The claims identified in Part V of the complaint[1] **shall proceed as submitted** against Defendants Richard Brown, Kevin Gilmore, Jerry Snyder, Charles Dugan, Jerricha Meeks, Randall Purcell, Robert Carter, Jack Hendrix, Matt Leohr, and Andrea Mason.

Claims against all John Doe defendants are **dismissed for failure to state** a claim upon which relief can be granted. "[I]t is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

### IV. Conclusion and Further Proceedings

The action **shall proceed** with the claims discussed in Part III above. The **clerk is directed** to update the docket to reflect that all John Doe defendants have been **terminated**.

Plaintiff's counsel has issued process on the defendants. This Entry does not affect any defendant's obligation to answer the complaint, his or her right to assert defenses by motion pursuant to Federal Rule of Civil Procedure 12(b), or the time to do either.

**SO ORDERED.**

Date: 5/6/2020

                                          *James Patrick Hanlon*
                                          James Patrick Hanlon
                                          United States District Judge
                                          Southern District of Indiana

Distribution:

---

[1] *See* dkt. 1 at 33–34.

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL
archer.rose@atg.in.gov